IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01964-RBJ-KLM

STEPHEN T. HATCH, derivatively, on behalf of Zynex, Inc., formerly known as Zynex Medical Holdings, Inc.

    Plaintiff,

v.

THOMAS SANDGAARD,
FRITZ G. ALLISON,
TAYLOR SIMONTON,
MARY BETH VITALE, and

    Defendants,

ZYNEX, INC., a Nevada corporation,

    Nominal Defendant.

_____

### MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants Taylor Simonton ("Simonton") and Mary Beth Vitale's ("Vitale") **Renewed Motion for Order Requiring Security** [Docket No. 24; Filed October 11, 2011] (the "Motion").  For the second time, *see Minute Order* [#21], Defendants Simonton and Vitale have failed to comply with D.C.COLO.LCivR 7.1A., which provides as follows:

> The Court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

In the Motion, counsel for Defendants Simonton and Vitale states that on October 11, 2011, he attempted to contact Plaintiff's counsel by electronic mail and by telephone to ascertain whether Plaintiff objected to the relief requested in the Motion.  *See Motion* [#24] at 2.  He then stated that "Plaintiff's counsel has not yet replied to those communications."  *Id.*

Counsel for Defendants Simonton and Vitale then filed this Motion later the same day. This does not amount to a "reasonable, good faith effort" to confer. After contacting opposing counsel about a disputed matter, counsel for the moving party is advised to wait **at least three business days** for a response before filing a motion with the Court. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#24] is **DENIED without prejudice**.

Dated: October 17, 2011