**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO. 11-cv-01964-RBJ-KLM

STEPHEN T. HATCH, derivatively on behalf of Zynex, Inc.,
    Plaintiff,

v.

THOMAS SANDGAARD,
FRITZ G. ALLISON, TAYLOR SIMONTON,
and MARY BETH VITALE
    Defendants,

--and--

ZYNEX, INC., a Nevada corporation,

    Nominal Defendant.

---

**PRELIMINARY APPROVAL ORDER**

---

The Parties having made application pursuant to Rule 23.1 of the Federal Rules of Civil Procedure for an Order approving the settlement and dismissal of the above-captioned stockholder derivative action (the "Action") in accordance with a Stipulation of Settlement dated as of April 2, 2012 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action (the "Settlement") and for the dismissal with prejudice of all claims in the Action, and the Court having read and considered the Stipulation and the exhibits annexed thereto; and all parties to the Settlement having agreed to the entry of this Order, and all capitalized terms herein having the same meaning as set forth in the Stipulation;

IT IS HEREBY ORDERED that:

1. A hearing (the "Final Hearing") shall be held before the Court on **June 27, 2012, at 8:00 a.m.** in Courtroom A902 of the Arraj United States Courthouse, 901 19th Street, Denver,

-2-

Colorado 80294, for the purpose of determining (i) whether the proposed Settlement should be approved by the Court, (ii) whether a final judgment should be entered in the Action, (iii) whether the Fee Award should be approved, and (iv) such other matters as may be necessary or proper in the circumstances.

2.  The Court approves, as to form and content, the Notice of Proposed Settlement of Litigation, Hearing Thereon, and Right to Appear (the "Notice") annexed as Exhibit C to the Stipulation, and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in this Order complies with due process and the rules of this Court, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice for all purposes to all current Zynex, Inc. ("Zynex") stockholders.

3.  Zynex is hereby authorized and empowered, not later than fourteen (14) calendar days following the entry of this Order, to cause a copy of the Notice, substantially in the form annexed as Exhibit C to the Stipulation, to be mailed by first class mail to all persons appearing on the transfer records of Zynex as stockholders as of the Record Date, at their addresses listed on such transfer records.  Zynex or its designee shall use its best reasonable efforts to obtain from all banks, brokerage firms or other nominees shown by the transfer records of Zynex to have held Zynex common stock as of the Record Date the names and addresses of their customers for whom they held such shares as nominee, and to cause a copy of the Notice to be mailed by first class mail to each such person at the address provided promptly after receipt of the name and address of each such person.  The cost of printing and mailing the Notice of the Settlement shall be borne by Zynex.4.

4.  All filings in support of the Settlement and the Fee Award shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Final Hearing, and any reply briefs will be filed seven (7) calendar days prior to the Final Hearing.

-3-

5.     At least five (7) calendar days prior to the Final Hearing, counsel for Zynex shall file with the Court proof, by affidavit, of mailings of such Notice of the Settlement.

6.     Any current stockholder of Zynex may, but is not required to, appear at the Final Hearing and express an opinion as to whether the Settlement and/or Fee Award should be approved; provided, however, that no current Zynex stockholder or any other person shall be heard or entitled to object to the approval of the term and conditions of the proposed Settlement and/or Fee Award or, if approved, the judgment to be entered thereon approving same, unless fourteen (14) calendar days prior to the Final Hearing, such person shall file a notice of it or his or her intention to appear with the Clerk of the Court by hand or by first class mail, postage pre-paid, at the following address:

> Clerk of the Court
> United States District Court
> District of Colorado
> United States Courthouse
> 901 19th Street
> Denver, CO 80294

On or before the same date, such person shall also serve a copy of such notice by hand or by first class mail, postage pre-paid, on all counsel of record, at the following addresses:

Robert C. Schubert
Willem F. Jonckheer
Dustin L. Schubert
SCHUBERT JONCKHEER & KOLBE LLP
dschubert@schubertlawfirm.com
3 Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone:  (415) 788-4220

Bill Leone
FULBRIGHT & JAWORKSI L.L.P.
wleone@fulbright.com
Republic Plaza
370 17th Street, Suite 2150
Denver, Colorado  80202-5638
Telephone:  (303) 801-2700
Facsimile:   (303) 801-2777

David A. Zisser
DAVIS GRAHAM AND STUBBS LLP
1550 Seventeenth Street, Suite  500
Denver, Colorado 80202
Telephone: (303) 892-7256

The notice shall:  (i) contain such person's name, legal address, and telephone number; (ii) state that such person is a current Zynex stockholder and represent that the person will continue to own Zynex common stock as of the date of the Final Hearing; (iii) provide the date(s) such person acquired its or his or her Zynex shares; (iv) contain a detailed statement of such person's specific position with respect to the matters to be heard at the Final Hearing, including a statement of each objection being made; (v) state the grounds for each objection or the reasons for such person's desiring to appear and be heard; and (vi) include copies of any papers such person intends the Court to consider.  Any current Zynex stockholder who fails to object in the above-prescribed manner shall be deemed to have waived his, her, or its objection to the Settlement and/or the Fee Award and shall be barred from raising such objection in this or any other action or proceeding.

7. All discovery and other pretrial proceedings in the Action are hereby stayed and suspended until further order of this Court.  Pending the final determination on the approval of the Settlement, no stockholder of Zynex may either directly, representatively, or in any other capacity, prosecute, institute, commence, or continue to prosecute on behalf of Zynex or any stockholders thereof, any claim which has been or could have been asserted in the Action or any other claim arising out of or in any way related to any of the acts, facts, transactions, occurrences, representations or omissions or other subject matter set forth, alleged, embraced or otherwise asserted by the plaintiff in the Action, other than the proceeding styled as *Stephen T. Hatch, derivatively on behalf of Zynex, Inc. v. Thomas Sandgaard, Fritz G. Allison, Taylor Simonton and Mary Beth Vitale*, Case No. 1:11-cv-01964-RBJ-KLM, now pending in the United States District Court for the District of Colorado.

8. In the event the proposed dismissal as provided for in the Stipulation is not approved by the Court, or for any reason the parties fail to obtain Final Court Approval pursuant to the Stipulation, then, in either of such events, the Stipulation shall become null and void and of no further

force or effect, and shall not be used or referred to for any purpose whatsoever. In such event, the Stipulation and all negotiations and proceedings relating thereto shall be withdrawn without prejudice as to the rights of any and all parties thereto, who, in accordance with the provisions of the Stipulation, shall be restored to their respective positions existing as of the date of the Stipulation.

9. The Court reserves the right to approve the Stipulation with such modifications as may be agreed to by counsel to the parties to the Stipulation and without further notice to current Zynex stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may also adjourn the Final Hearing provided for herein without further notice other than to counsel for the parties.

IT IS SO ORDERED.

Signed this 12th day of April, 2012

_____
R. Brooke Jackson
United States District Judge