UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-01964-RBJ-KLM

Stephen T. Hatch, derivatively, on behalf of
ZYNEX, INC. f/k/a
ZYNEX MEDICAL HOLDINGS, INC.,

    Plaintiff,

v.

THOMAS SANDGAARD and FRITZ G. ALLISON,

    Defendants,

--and--

ZYNEX, INC., f/k/a
ZYNEX MEDICAL HOLDINGS, INC.,
a Nevada Corporation,

    Nominal Defendant.

*[Handwritten annotation: Approved after hearing and for the reasons announced from the bench. /s/ [Judge] 6/27/12]*

## FINAL JUDGMENT AND ORDER OF DISMISSAL

WHEREAS, Plaintiff, a stockholder of Zynex, filed a shareholder derivative complaint in the above-captioned matter (the "Complaint") on behalf of the Company in the United States District Court for the District of Colorado, styled *Stephen T. Hatch v. Thomas Sandgaard, et al.*, Case No. 1:11-cv-01964-RBJ-KLM (the "Action"), and asserting claims for breach of fiduciary duty, contribution, and indemnification against the Defendants;

WHEREAS, a hearing having been held before this Court on _____, 2012 pursuant to the Court's Order of April 12, 2012 (the "Preliminary Approval Order") upon a Stipulation of Settlement dated April 2, 2012 (the "Stipulation"), attached hereto and incorporated

95525667.2

-1-

herein by reference; it appearing that due, adequate and sufficient notice of said hearing has been given in accordance with the aforesaid Preliminary Approval Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence and argument in support of the proposed Stipulation; the attorneys for the respective parties having been heard; an opportunity having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order, including any objections; and the entire matter of the proposed Stipulation having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this __1__ day of _____ 2012 that:

1. The Stipulation and the exhibits attached thereto are hereby incorporated herein as though fully set forth in this Final Judgment and Order of Dismissal. Unless otherwise defined herein, all defined terms shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the Action, including all matters necessary to effectuate the Stipulation, and over all parties to the Action, including Plaintiff, the current Zynex shareholders, and all Defendants.

3. The Court finds that the Stipulation is fair, reasonable, and adequate as to Plaintiff, Defendants, Zynex, and Zynex's current shareholders, and hereby finally approves the Stipulation in all respects, and directs that the settlement be consummated in accordance with the terms and conditions set forth in the Stipulation.

4. Upon the Effective Date, the claims of Plaintiff, in his individual capacity, derivatively on behalf of Zynex, and on behalf of Zynex's stockholders, are dismissed against all Defendants without costs (except as otherwise provided in the Stipulation and this Final Judgment and Order of Dismissal) and with prejudice.

5. Any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, injunctive relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, remedies or liability whatsoever) against all Defendants in the Action and against all current and former officers and directors of Zynex, whether named as defendants or not, and any of Zynex's present or former affiliates, parents, subsidiaries (including the directors and officers of such affiliates, parents, and subsidiaries), general partners, limited partners, partnerships, and their respective officers, directors, managing directors, employees, agents, attorneys, advisors, insurers, accountants, auditors, trustees, financial advisors, lenders, investment bankers, associates, representatives, heirs, executors, personal representatives, estates, administrators, successors and assigns (all, collectively, the "Released Persons"), whether based on federal, state, foreign, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether or not concealed or hidden, whether class, individual or derivative in nature, including both known claims and Unknown Claims (as defined below), that have been asserted in the Complaint or could have been asserted in any forum by Plaintiff (on his own behalf or on behalf of Zynex or its stockholders) arising out of, related to, or concerning (i) the allegations contained in the Action, (ii) the Restatement, (iii) any reports, disclosures, or statements made by Zynex or by any Released Persons prior to entry of this Final Judgment and Order of Dismissal, (iv) any reports, disclosures, or statements made by Zynex or by any Released Persons in connection with the Restatement; and (v) any matter that could have been asserted in the Action or any other action or proceeding regarding allegations of breach of fiduciary duty arising out of any act, statement, omission, transaction, event, or circumstance occurring prior to entry of this Final Judgment and Order of Dismissal, or aiding and abetting any of the foregoing (all, collectively, the "Released

Claims"), shall be fully, finally and forever compromised, settled, extinguished, dismissed, discharged and released with prejudice upon the Effective Date, pursuant to the terms and conditions herein.

6. The Released Claims extend to claims that Plaintiff does not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or the Stipulation (collectively, the "Plaintiff's Unknown Claims").

7. Upon the Effective Date, Plaintiff, in his individual capacity, derivatively on behalf of Zynex, and on behalf of Zynex's stockholders, has waived and relinquished to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims, including the provisions, rights and benefits of Section 1542 of the California Civil Code, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**

8. Plaintiff, in his individual capacity, derivatively on behalf of Zynex, and on behalf of Zynex's stockholders, has acknowledged that Plaintiff may discover facts in addition to or different from those that he now knows or believes to be true with respect to the subject matter of the foregoing release, but that it is the intention of Plaintiff, individually and derivatively on behalf of Zynex and its stockholders, to fully, finally and forever settle and release with prejudice any and all Released Claims, including any and all of Plaintiff's Unknown Claims, whether known or unknown,

suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Plaintiff further acknowledges that the foregoing waiver was separately bargained for and is a key element of the Stipulation of which this release is a part.

9. Each of the Defendants forever relinquishes and releases Plaintiff and Plaintiff's counsel from any and all claims (including Defendants' Unknown Claims, as defined below) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims, except as necessary to enforce the releases and other terms and conditions contained in the parties' Stipulation, or any Court order entered pursuant thereto. The releases contemplated by the Stipulation shall extend to claims that Defendants do not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or the Stipulation ("Defendants' Unknown Claims").

10. Defendants are deemed to have waived and waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims, including the provisions, rights and benefits of Section 1542 of the California Civil Code, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**

11. Defendants acknowledge that they may discover facts in addition to or different from those now known or believed to be true with respect to the subject matter of the foregoing release, but that it is the intention of Defendants to fully, finally and forever settle and release with prejudice any and all released claims, including any and all of Defendants' Unknown Claims, whether known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

12. Plaintiff, Plaintiff's counsel and Zynex stockholders are permanently barred and enjoined from either directly, individually, derivatively, representatively or in any other capacity, instigating, instituting, commencing, asserting, prosecuting, continuing or participating in any way in the maintenance of any of the Released Claims in any court or tribunal of this or any other jurisdiction.

13. As referred to herein, "Unknown Claims" shall include claims that Plaintiff and/or Defendants do not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or the Stipulation.

14. The Court finds that the notice given to current Zynex shareholders of the settlement, Stipulation, and the settlement hearing was the best notice practicable under the circumstances, and that said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

15. Plaintiff's counsel is awarded the requested attorneys' fees and reimbursement of expenses in the total amount of $95,000.00, to be borne by Zynex. The Court finds this sum to be fair and reasonable.

16. Neither the Stipulation nor any act performed or document executed pursuant to or in furtherance of the Stipulation: (a) is or may be deemed to be or may be used as an admission of, or

evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any proceeding of any sort in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation or this Final Judgment and Order of Dismissal. Defendants may file the Stipulation and/or this Final Judgment and Order of Dismissal in any action that has been brought or may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction or any theory of claim preclusion or similar defense or counterclaim.

17. In the event that the Stipulation does not become effective in accordance with its own terms (including as it may be amended by the parties with approval of the Court), then this Final Judgment and Order of Dismissal shall be rendered null and void to the extent provided by, and in accordance with, the Stipulation, and this Final Judgment and Order of Dismissal shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Stipulation, including the payment of attorneys' fees and expenses.

19. This Final Judgment and Order of Dismissal is a final, appealable judgment and should be entered forwith by the clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.          Signed this 27 day of June.

 

_____
THE HONORABLE R. BROOKE JACKSON
UNITED STATES DISTRICT JUDGE